CENTER FOR DISABILITY ACCESS
Ray Ballister, Jr., Esq., SBN 111282
Russell Handy, Esq., SBN 195058
Phyl Grace, Esq., SBN 171771
Dennis Price, SBN 279082
Mail: PO Box 262490
San Diego, CA 92196-2490
Delivery: 9845 Erma Road, Suite 300
San Diego, CA 92131
(858) 375-7385; (888) 422-5191 fax
phylg@potterhandy.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Shirley Lindsay,**<br><br>          Plaintiff,<br><br>     v.<br><br>**Torn & Glasser, Inc.**, a California Corporation; and Does 1-10,<br><br>          Defendants. | **Case No**. 2:17-cv-02179-ODW-E<br><br><br>**Plaintiff's Case Statement** |

Pursuant to this Court's Order Granting Application for Stay filed May 4, 2017, the plaintiff submits her Plaintiff's Case Statement.

**A.     Itemized List**

The specific conditions at the site that forms the basis of this lawsuit are the lack of van-accessible parking space and accessible transaction counter at the Store.

- Parking Space:
  - ❖ Any business that provides parking spaces must provide a sufficient number of handicap parking spaces. 1991 Standards § 4.1.2(5).

2010 Standards § 208. According to the 1991 Standards, if a parking lot has 30 spaces, it must have 2 accessible parking spaces. 1991 Standards § 4.1.2(5)(a). Under the 2010 Standards, a parking lot with 30 spaces must have 2 accessible spaces. 2010 Standards § 208.2 and 1 of them must be van accessible. Id. at 208.2.4.

- ❖ Here, there was no van-accessible parking spaces marked and reserved for persons with disabilities during plaintiff's visit.
- ❖ In addition to not having a van-accessible parking space, the defendants routinely and regularly store merchandise, machinery and pallets in the parking space marked and reserved for persons with disabilities.
- ❖ See attached photo depicting the above



- Transaction Counter:
    - ❖ In areas used for transactions where counters have cash registers and are provided for sales or distribution of goods or services to the public, at least one of each type shall have a portion of the counter which is at least 36 inches in length with a maximum height of 36 inches above the floor. 1991 Standards § 7.2(1). Under the 2010 Standards, where the approach to the sales or service counter is a parallel approach, such as in this case, there must be a portion of the sales counter that is no higher than 36 inches above the floor and 36 inches in width and must extend the same depth as the rest of the sales or service counter top. 2010 Standards § 904.4 & 904.4.1.
    - ❖ Here, the transaction counter is 44 inches in height. There is no lowered, 36 inch portion of counter for use by persons in wheelchairs. Moreover, the defendants crowd the transaction counter with merchandise and displays that narrow the clear width of the counter to less than 36 inches.
    - ❖ See attached photo depicting the above



3

Plaintiff's Case Statement                                              2:17-cv-02179-ODW-E

*Note*: as stated in the Complaint, given the obvious and blatant violations, the plaintiff has alleged, on information and belief, that there are other violations and barriers on the site that relate to her disability. Plaintiff intends to conduct a site inspection and amend the complaint, to provide proper notice regarding the scope of this lawsuit, once she conducts a site inspection. See *Doran v. 7-Eleven Inc.,* (9th Cir. 2008) 524 F.3d 1034 (holding that once a plaintiff encounters one barrier at a site, he can sue to have all barriers that relate to his disability removed regardless of whether he personally encountered them). Thus, settlement must address this fact as outlined below.

**B.     Amount of Damages**

Under the Unruh Civil Rights Act and the California Disabled Persons Act, a plaintiff is entitled to two types of damages: (1) actual damages and (2) a penalty assessment. Cal. Civ. Code § 52(a); 54.3(a). "The statute lists actual damages and statutory damages as two separate categories of damages that a plaintiff may recover." Botosan v. Paul McNally Realty, 216 F.3d 827, 835 (9th Cir. 2000). The penalty assessment can be "no less than $4,000" under the Unruh Civil Rights Act per violation (Cal. Civ. § 52(a)) and no less than $1,000 under the California Disabled Persons Act per violation (Cal. Civ. § 54.3(a)). Thus, the plaintiff's damages are measured at $4,000 + actual damages for each offense.

In this matter, Plaintiff is entitled to $4,000 for the date of incident in the Complaint and claims $4,000 as he has been deterred from returning to the premises. Thus Plaintiff claims $8,000 in statutory damages in total.

//

**C.     Demand for Settlement of Case**

First, to provide for van-accessible parking space and accessible transaction counter at the Store.

Second, enter into a court enforceable consent decree binding the defendants to: (1) institute policies and procedures whereby they maintain the property in a compliant state; (2) the defendants agree to obtain and deliver a CASp report on the property to the plaintiff (with photos) within 30 days that identifies all access barriers. Thereafter, the plaintiff will have 30 days to comment on the report. If the plaintiff notes other barriers, the plaintiff can make a demand that the defendants correct them. If the parties cannot reasonably agree on barrier correction within 10 days following plaintiff's demand, the plaintiff has the right to file a new action or refile the action in state or federal court.

Lastly, to settle this matter at mediation, that Defendants pay $8,000 in total monetary consideration and submit to the court as to reasonable attorney's fees and costs as provided by both the ADA and Unruh.

Dated: May 18, 2017                CENTER FOR DISABILITY ACCESS

By: /s/ Dennis Price
Dennis Price, Esq.
Attorneys for Plaintiff